# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In Re: K.S.**

**No. 14-1009** (Jackson County 14-JA-2 through 14-JA-6)

**FILED**

April 13, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father C.S., by counsel D. Shane McCullough, appeals the Circuit Court of Jackson County's September 17, 2014, order terminating his parental rights to K.S.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed its response in support of the circuit court's order and a supplemental appendix. The guardian ad litem, Erica Brannon Gunn, filed a response on behalf of the child supporting the circuit court's order. On appeal, petitioner alleges that the circuit court erred in denying his motion for a post-adjudicatory improvement period and in terminating his parental rights upon erroneous findings.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In February of 2014, the DHHR filed an abuse and neglect petition alleging that the parents exposed the children in the home, including K.S., to violent physical altercations. Specifically, petitioner admitted that he and the mother engaged in fist-fights in the children's presence and that the children got involved in these altercations. According to the petition, during their most recent physical altercation, two of the children attempted to intervene by giving

---

[1]In the circuit court, this case concerned five minor children, only one of which, K.S., is petitioner's biological child. On appeal, petitioner raises assignments of error regarding K.S. only. As such, the memorandum decision does not concern the circuit court's rulings in regard to the remaining children.

[2]On appeal, petitioner alleges that the circuit court erred in terminating both his parental and custodial rights below. In the order on appeal, the circuit court specifically found that "[t]o the extent that [petitioner] has any custodial rights to [the infant respondents that he has no biological relation to], those rights are terminated." Aside from petitioner's assertion that terminating his custodial rights was error, petitioner provides no argument in support of this assignment of error nor any citation to the record on appeal. As such, pursuant to Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure, the Court will disregard any alleged error in the circuit court's termination of petitioner's custodial rights to the infant respondents T.V., B.V., D.L., and C.V.

1

their mother a baseball bat. According to the children, petitioner took the bat from the mother and struck her with it. The children also indicated that petitioner struck one child with a broomstick during an altercation.[3] Later that month, the circuit court held a preliminary hearing, which petitioner waived. Thereafter, petitioner admitted to certain allegations in the petition during an April of 2014 adjudicatory hearing. However, in June of 2014, petitioner withdrew his admissions and the matter was set for a contested adjudicatory hearing. Also in April of 2014, petitioner underwent a psychological evaluation.

In July of 2014, the circuit court held a contested adjudicatory hearing, after which it found petitioner to be an abusing parent.[4] The circuit court based this on several findings, including that petitioner physically assaulted one of the children and that he engaged in physical violence in the children's presence. The following month, the DHHR filed a motion to terminate petitioner's parental rights, and petitioner filed a motion for a post-adjudicatory improvement period. Ultimately, on August 26, 2014, the circuit court held a dispositional hearing, after which it denied petitioner's motion for a post-adjudicatory improvement period and terminated his parental rights. Petitioner appeals from the dispositional order.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the circuit court's denial of petitioner's motion for a post-adjudicatory improvement period or in its termination of his parental rights.

---

[3]An amended petition correcting a party name was entered on February 24, 2014. A second amended petition was later filed to include allegations against a different father.

[4]The circuit court actually adjudicated petitioner as an abusing and neglectful parent. However, West Virginia Code § 49-1-3(2) defines an abusing parent as one "whose conduct, as alleged in the petition charging child abuse or neglect, has been adjudged by the court to constitute child abuse or neglect."

To begin, petitioner's failure to acknowledge the conditions of abuse and neglect in the home prevented him from obtaining a post-adjudicatory improvement period. West Virginia Code § 49-6-12(b) provides circuit courts discretion in granting improvement periods upon a showing that the parent will fully participate in the same. Further, we have previously held that

> [i]n order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense.

*In re Timber M.*, 231 W.Va. 44, 55, 743 S.E.2d 352, 363 (2013) (quoting *In re: Charity H.*, 215 W.Va. 208, 217, 599 S.E.2d 631, 640 (2004)). While petitioner argues that he did acknowledge the conditions of abuse and neglect, the record does not support this argument. It may be true that petitioner provided some testimony to the effect that he acknowledged his role in his child's removal, but the overwhelming evidence did not support this testimony.

Specifically, the circuit court found that petitioner "continuously minimized the domestic violence that occurred in the home, and the emotional abuse of the children" that resulted. This finding was based on substantial evidence, including evidence from Dr. Clifton Hudson, who conducted petitioner's psychological evaluation. Contrary to petitioner's testimony that he accepted responsibility for the abuse in the home, he denied all the allegations to Dr. Hudson and "downplayed any domestic violence in the home." While petitioner argues that much of the circuit court's findings were based on the uncorroborated testimony of the children, the Court notes that this is inaccurate, as multiple children reported the abuse. Conversely, petitioner's testimony regarding his alleged acceptance of responsibility for the abuse was uncorroborated and the circuit court was free to make a credibility determination in weighing that evidence. *See Michael D.C. v. Wanda L.C.*, 201 W.Va. 381, 388, 497 S.E.2d 531, 538 (1997) ("[a] reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations."). For these reasons, the circuit court did not err in denying petitioner's motion for a post-adjudicatory improvement period because petitioner failed to acknowledge the abuse inflicted upon the child.

Petitioner next argues that the circuit court erred in basing termination upon several erroneous findings, including the following: (1) that he was unable or unwilling to comply with the terms and conditions of an improvement period; (2) that he failed to accept responsibility for his actions; (3) that his diagnosis of mild mental retardation would result in difficulty benefitting from parenting training; (4) that he was incapable of maintaining a home independently or caring for children; and (5) that he was incapable of appreciating the impact of his behavior on the child. Upon our review, we find no error in the circuit court terminating petitioner's parental rights upon these findings and will address each in turn.

The first two findings are directly related to the circuit court's denial of petitioner's motion for a post-adjudicatory improvement period and rely on evidence outlined above. As the

Court already addressed, the circuit court was presented with ample evidence upon which to find that petitioner failed to acknowledge his abuse; thus, we find no merit to petitioner's argument in this regard. We also find no merit in petitioner's argument that he was willing to comply with the terms and conditions of an improvement period as evidenced by his compliance with the services offered below. According to the record, petitioner's service provider testified that she had difficulty contacting him and that he did not follow through with assignments during the course of services. Moreover, the circuit court's finding is supported by petitioner's failure to acknowledge his abuse, which precluded him from truly complying with services designed to remedy the conditions of abuse in the home. As such, we find no error in the circuit court relying on these findings in reaching termination.

As to petitioner's assertion that the circuit court erred in terminating his parental rights upon the findings that his diagnosis of mild mental retardation would result in difficulty benefitting from parenting training and that he was incapable of maintaining a home independently or caring for children, the Court finds no merit. While petitioner argues that he provided evidence to the contrary by way of his assistance with the children's care prior to removal, the Court notes that the evidence established that petitioner simply assisted in caring for the children. There was no evidence introduced that petitioner ever cared for the children on his own or that he could learn to do the same with parenting training. Moreover, despite petitioner's testimony that he was willing to secure independent housing, petitioner himself admits that he has never lived independently and he offered no evidence below to rebut the expert testimony concerning his intellectual limitations and the fact that he lacked insight into how to address common household problems and medical emergencies. The evidence before the circuit court established that petitioner would have significant difficulty providing for the children independently and would have "considerable difficulty benefitting from a parent training program or other verbally-based intervention."

Moreover, the Court finds no merit to petitioner's argument that the DHHR made no effort to determine if petitioner could adequately care for his child with intensive, long-term services. *See* Syl. Pt. 4, *In re Maranda T.*, 223 W.Va. 512, 678 S.E.2d 18 (2009). Instead, the DHHR followed our direction by providing petitioner with a psychological evaluation to determine whether services would be beneficial. The evaluation determined that petitioner could not benefit from such services or care for the children properly. In obtaining the psychological evaluation, the DHHR also complied with our direction that "the determination of whether the parent[] can function with such assistance should be made as soon as possible in order to maximize the [child's] chances for a permanent placement." *Id*. (quoting Syl. Pt. 4, *In re Billy Joe M.*, 206 W.Va. 1, 521 S.E.2d 173 (1999)). For these reasons, we find no error in the circuit court relying on these findings in reaching termination.

Finally, the Court finds that the circuit court did not err in basing termination upon the finding that petitioner did not appreciate the impact his behavior had on the children. While petitioner testified that he could have handled situations differently and, in fact, demonstrated proper coping skills during the proceedings below, the Court finds no error. During his psychological evaluation, petitioner minimized the allegations against him, deflected blame for the conflicts toward the mother, and described their violent physical altercations as "horseplay." This clearly supports the finding that petitioner failed to appreciate the impact the domestic

violence had on the children. And, while petitioner claims that he possessed the requisite coping skills to refrain from violence in the future, he also admitted that arguments and shoving continued in the home after the children were removed. Petitioner also expressed a willingness to continue his relationship with the mother despite their history of violence. As such, the circuit court was presented with sufficient evidence upon which to make this finding. Therefore, we find no error in the circuit court relying on this finding in reaching termination.

For the foregoing reasons, we find no error in the decision of the circuit court and its September 17, 2014, order is hereby affirmed.

Affirmed.

**ISSUED**: April 13, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

5